# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

SUSAN DIXON, §
§
    *Plaintiff*, §
§
v. § Civil Action No. SA-09-CV-831-XR
§
COMAL COUNTY, TEXAS AND COMAL §
COUNTY DISTRICT ATTORNEY'S §
OFFICE, §
§
    *Defendants*. §

## ORDER

On this date, the Court considered Defendant's Bill of Costs (Docket Entry No. 46), Plaintiff's Objections thereto (Docket Entry No. 49), and Defendant's Response (Docket Entry No. 51). On February 15, 2011, this Court granted summary judgment in favor of the Defendant on all of Plaintiff's claims.[1] As the prevailing party, Comal County timely submitted a bill of costs, seeking $5,784.05: $2,203.95 for fees for printed or electronically recorded transcripts, $609.00 for fees for witnesses, and $2,971.10 for fees for exemplification and copies.[2]

## Legal Standard

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party." FED. R. CIV. P. 54(d). Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a court may tax as a cost under the authority

---

[1] Ord. on Mot. for Summ. J., Feb. 15, 2011 (Docket Entry No. 43).

[2] Bill of Costs, Mar. 17, 2011 (Docket Entry No. 46).

1

found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

**Analysis**

*A. Fees for Printed or Electronically Recorded Transcripts*

Plaintiff seeks $2,203.95 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Such costs are authorized under Section 1920(2). 28 U.S.C. § 1920(2). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Whether a deposition could reasonably be expected to be used for trial preparation is a factual determination by which the district court is provided wide latitude. *Id.* at 285–86. Moreover, although videotape deposition costs and deposition transcripts are

both recoverable costs,[3] this Court does not generally award costs for both.

Comal County has requested that the Court tax costs for the deposition transcripts of: Sandra Haag, Ann Hackney, Geoffrey Barr, and Susan Dixon. Dixon does not object to the request for deposition costs. Each of these witnesses provided deposition testimony as to material facts and issues relating to the Plaintiff's claims. Accordingly, the Court finds Comal County could reasonably have expected to use all four of these depositions, at the time they were taken, for trial preparation rather than merely for discovery. *See Fogleman*, 920 F.2d at 285. The Court approves the award of $2,203.95 for deposition transcript costs.

*B. Fees for Witnesses*

Defendant seeks $609.00 for fees for witnesses. Fees for witnesses are authorized under Section 1920(3). 28 U.S.C. § 1920(3). Necessary expenses for witnesses who appear at trial or for depositions, including attendance fees, are permissible. 28 U.S.C. § 1821(a). In this case, Comal County's requested amount includes witness fees for depositions on written questions issued to The Equal Employment Opportunity Commission, Dr. Cynthia Cano, Dr. John Garcia, Dr. Virnalisis Gonzalez, Dr. Robert K. Thompson, Radiology Associates of San Antonio, Clinical Pathology Laboratory, Inc., Northeast Imaging Center, Advanced Medical Imaging, Lone Star Dermatology, Dermatology Associates of San Antonio, and Wal-Mart Pharmacy.[4] It does not appear that any of these witnesses were deposed in person.

For reimbursement purposes, fees for witnesses are to be calculated pursuant to 28 U.S.C. §

---

[3] *See S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x 443 (5th Cir. July 1, 2009) (noting that the Judicial Administration and Technical Amendments Act of 2008 amended section 1920(2) to permit a judge to tax as costs fees for "electronically recorded transcripts").

[4] Witness Fees (Bill of Costs at 2-4).

1821, which provides that "a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition" shall be paid fees and allowances, including an attendance fee of $40 per day for appearance and travel to and from appearance at a hearing or deposition. 28 U.S.C. § 1821. The statute generally addresses costs for travel, subsistence, and inconvenience imposed on witnesses who are deposed or called to testify. Comal County has provided no authority to support its claim for appearance fees for witnesses that were only deposed by written questions, and the motivation behind 28 U.S.C. § 1821 does not support reimbursement of such fees. Accordingly, the request for these fees is denied.

*C. Fees for Exemplification and the Costs of Making Copies*

Comal County seeks $2,971.10 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Reimbursement of these costs is authorized under 28 U.S.C. § 1920(4). Dixon objects to $609 of the detailed costs on the basis that they were "claimed by Defendant to obtain copies of Plaintiff's medical records" and "should be denied as these documents had no relevance to the matter before the court."[5] She further argues that Defendant claims the $609 twice, both as fees for witnesses and as part of the costs for making copies.[6] Finally, Plaintiff argues that Defendant's "claimed cost for copies of documents is excessive, unreasonable, and disproportionately large as compared to the remainder of Defendant's costs."[5]

Defendant responds that the $609 was clearly identified as fees for witnesses and those fees

---

[5]Pl.'s Obj. To Def.'s Bill of Costs ¶ 7, Apr. 1, 2011 (Docket Entry No. 49).

[6]*Id.* ¶ 9.

[5]*Id.* ¶ 8.

4

were not also claimed as copy costs.[6] Defendant further argues that all other copy costs relating to Dixon's medical records were justified because Plaintiff's complaint alleged "great emotional distress and mental anguish," and prayed for award of "past and future non-pecuniary losses...including, but not limited to, medical expenses, emotional pain, suffering ..."[7] Although Defendant did not rely on the documents in its motion for summary judgment, it argues that they would have been necessary if the case had gone to trial.[8] Defendant also argues that it is not seeking $1,707.24 of the total actual copy costs incurred, because it is unable to prove that those costs were necessarily incurred in relation to this case.[9] The Court finds that Plaintiff's medical records and other related documents were necessarily obtained in relation to this case, as Plaintiff's claims and damages raised the issue of her medical expenses and emotional pain and suffering. Accordingly, the Court approves taxing the total of $2,971.10 in copy costs.

---

[6] Bill of Costs ¶¶ 9, 12.

[7] *Id.* ¶ 10.

[8] *Id.* ¶ 11.

[9] *Id.* ¶ 13.

**Conclusion**

The Clerk is ORDERED to tax total costs of $5175.05 in favor of Defendant Comal County and against Plaintiff Susan Dixon as follows: $2,203.95 for fees for printed or electronically recorded transcripts and $2,971.10 for fees for exemplification and the costs of making copies.

It is so ORDERED.

SIGNED this 25th day of April, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE